IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAMARA ELISE RUBIN**, | Case No. 3:19-CV-01377-IM |
| Plaintiff, | **ORDER** |
| v. | |
| **THE STATE OF OREGON, KRIS KALANGES, MICHAEL GLENN, KAREN ERTEL, MARK KLEYNA,** and **JOHN/JANE DOE**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss. ECF 16. Plaintiff Tamara Elise Rubin is an activist for childhood lead poisoning prevention and the founder of the non-profit organization Lead Safe America Foundation ("LSAF"). ECF 15 at ¶ 5. Plaintiff Rubin was investigated by the Oregon Department of Human Services ("DHS"), the Oregon Department of Justice ("DOJ"), and the Internal Revenue Service ("IRS") concerning her finances and the finances of LSAF. *Id.* at ¶¶ 24, 29, 34, 37, 39. These investigations led to the Plaintiff being charged with seven counts of theft in the first degree and two counts of welfare fraud. *Id.* at ¶ 50. These claims were eventually dismissed by the Multnomah District Attorney's

PAGE 1 – ORDER

Office. *Id.* at ¶ 66. This dispute arises out of that investigation and related agency enforcement actions.

Plaintiff brings this action against the State of Oregon, Kris Kalanges, Michael Glenn, Karen Ertel, Mark Kleyna (collectively "Defendants"), and John or Jane Does alleging violations of her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C § 1983. She also alleges state law claims for abuse of process and malicious prosecution.

Defendants move to dismiss in part the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. ECF 16. In their briefing on the motion, Defendants request that this Court dismiss (1) Plaintiff's Fourteenth Amendment due process (claim two) and state law abuse of process (claim four) claims to the extent the claims rely on allegations outside the statute of limitations; (2) Plaintiff's claims against Defendants Kalanges and Glenn as they relate to protected grand jury testimony; and (3) Plaintiff's claim for malicious prosecution (claim three) as duplicative of the claim for insufficient probable cause (claim one). ECF 16 at 2.

This Court held oral argument on Defendants' motion to dismiss on May 4, 2020. After considering the pleadings, the briefing, and arguments of counsel, Defendants' Motion to Dismiss is granted in part and denied in part.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

PAGE 2 – ORDER

and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). A motion to dismiss based on the timeliness of the complaint may be granted only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (holding that, to dismiss a claim as time-barred, the court must find "beyond doubt" that there is no set of facts that could make the claim timely). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Supermail Cargo*, 68 F.3d at 1206 ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." (internal quotations and citation omitted)). Where claims are barred by the statute of limitations, the district court may dismiss the plaintiff's claims without leave to amend because the amendment would be futile. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

## DISCUSSION

First, Defendants move to dismiss as untimely Plaintiff's Fourteenth Amendment due process claim and state law abuse of process claim to the extent those claims are based on the following allegations: (1) "Defendants [*sic*] Kalanges' initiation of a DOJ investigation and March 23, 2016 notice of Civil Investigative Demand"; (2) "Defendants [*sic*] Kalanges' completion of the 'Payments To/For Rubins Analysis' and submission of the Analysis to DHS and the IRS" which allegedly occurred sometime between March 23, 2016 and June 13, 2016, *see* ECF 15 at ¶¶ 24–34; and (3) "Defendant Glenn's initiation of the DHS investigation, on or about June 13, 2016." ECF 16 at 4. Defendants assert that Plaintiff's claims that relate to these

PAGE 3 – ORDER

allegations are time-barred because the claims are subject to a two-year statute of limitations. *Id.* at 2–4. Plaintiff filed this action on August 28, 2019. ECF 1. Defendants therefore argue that Plaintiff is barred from bringing claims that accrued before August 28, 2017. ECF 16 at 3. Plaintiff argues that the statute of limitations began to run on February 9, 2018, when Plaintiff learned that Defendants allegedly failed to review exculpatory materials provided by Plaintiff and withheld that information from the District Attorney. ECF 17 at 13.

Section 1983 claims are subject to the forum state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Oregon, the statute of limitations is two years. *See* O.R.S. 12.110(1). Federal law determines when a cause of action accrues and when the statute of limitations begins to run on a section 1983 claim. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). In the Ninth Circuit, a claim accrues when the "plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). "Thus, '[a]n action ordinarily accrues on the date of the injury.'" *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012)).

The Oregon Tort Claims Act ("OTCA") governs the statute of limitations for the state law claim of abuse of process against the state defendants. *See* O.R.S. 30.265; O.R.S. 30.275(9). Any claim subject to the OTCA must be "commenced within two years after the alleged loss or injury." O.R.S. 30.275(9).

As an initial matter, Plaintiff informed the Court during the hearing that neither her due process claim nor her abuse of process claim is based on the initiation of the civil investigations. This Court grants Defendants' motion to dismiss any claims based on the initiation of the DOJ, DHS, or IRS investigation because each of those investigations occurred more than two years

PAGE 4 – ORDER

before Plaintiff filled this lawsuit and any claims based on the initiation of those investigations are time-barred.

During the hearing, the parties did not address whether a due process claim or abuse of process claim is time-barred if based on Defendant Kalanges' completion of the "Payments To/For Rubins Analysis" and submission of that analysis to DHS and the IRS. It is unclear from the First Amended Complaint when Plaintiff learned of the creation of the "Payments To/For Rubins Analysis" or the submission of that analysis to DHS or IRS. Accordingly, Defendants cannot assert that any claim based on that analysis is clearly time-barred on the face of the complaint. *See Huynh*, 465 F.3d at 997. The Court therefore denies Defendants' motion to dismiss any claim based on this conduct.

Second, Defendants move to dismiss any claim against Defendant Kalanges or Defendant Glenn based on protected grand jury testimony. In the briefing, and during the hearing, Plaintiff conceded that Defendants are immune from suit for claims based solely on grand jury testimony. ECF 17 at 3. Plaintiff contends however, that the claims alleged in this case are not based solely on grand jury testimony. *Id.* Plaintiff therefore requests that this Court construe the motion to dismiss as a motion to strike and agrees to amend the First Amended Complaint to strike all references to grand jury testimony. *Id.* at 3, 14. Defendants agree that striking references to grand jury testimony will cure this deficiency. ECF 22 at 3–4. This Court grants Defendants' motion to dismiss as to any claim based on protected grand jury testimony and orders Plaintiff to amend the complaint to remove all references to grand jury testimony. To the extent Plaintiff wishes to rely on evidence related to the grand jury at trial, those issues must be raised in motions in limine before trial.

PAGE 5 – ORDER

Finally, in their briefing, and during oral argument, Defendants withdrew their motion to dismiss Plaintiff's claim of malicious prosecution for being redundant or duplicative of the claim for arrest without probable cause. ECF 22 at 4–5.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF 16, is GRANTED IN PART and DENIED IN PART. Plaintiff has fourteen days from the issuance of this order to file an amended complaint.

**IT IS SO ORDERED**.

DATED this 5th day of May, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – ORDER