IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAMARA ELISE RUBIN**, | Case No. 3:19-CV-01377-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **THE STATE OF OREGON, KRIS KALANGES**, **MICHAEL GLENN**, **KAREN ERTEL**, **MARK KLEYNA**, and **JOHN/JANE DOE**, | |
| Defendants. | |

Zachary R. Duffly, Duffly Law, LLC, 6723 SE 16th Avenue #82151, Portland, OR 97202. Attorney for Plaintiff.

Kenneth C. Crowley and Tracy Ickes White, Oregon Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorneys for Defendants.

**IMMERGUT, District Judge.**

      This matter comes before this Court on Plaintiff's Motion to Compel. ECF 66. Plaintiff moves for an order compelling Defendants to (1) produce privilege logs relating to their assertions of privilege under the Bank Secrecy Act, 31 U.S.C.§ 5311 *et seq.*, certain public records laws, O.R.S. 192.345 and O.R.S. 192.355, and the attorney-client privilege and (2) to re-

PAGE 1 – OPINION AND ORDER

produce a large swath of documents in a more readily usable format. *Id*. at 5–8. For the following reasons, Plaintiff's motion is DENIED as untimely.

## BACKGROUND

On August 28, 2019, Plaintiff filed a Complaint alleging malicious prosecution, Brady violations, and due process violations under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. ECF 1 at ¶ 1. This Court originally set a discovery deadline of July 1, 2020, with discovery motions due by June 10, 2020. ECF 11.

Defendants' response to the requests for production at issue was dated January 16, 2020, six months before the original deadline for discovery motions. ECF 67-2 at 7. This Court later granted the parties' joint request to extend the deadline for fact discovery motions to October 19, 2020, with fact discovery to be completed by November 2, 2020. ECF 31. Plaintiff did not file any motions to compel by that deadline.

On December 31, 2020, Plaintiff's counsel filed a Motion to Withdraw, which was granted for good cause. ECF 35; ECF 37. Plaintiff's new, and current, counsel filed a Notice of Appearance on March 4, 2021. ECF 41. After ordering the parties "to confer regarding limiting the scope of discovery to issues relevant to dispositive motions," ECF 49, this Court ordered that "[l]imited discovery for summary judgment motions [must] be completed by October 15, 2021," with discovery motions due on September 24, 2021, ECF 52. After this Court denied an interim motion to compel as moot, ECF 63, it again extended the deadlines for discovery motions to November 8, 2021. ECF 65.

## STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), parties may discover any unprivileged information relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Pre-trial discovery is "accorded a broad and liberal treatment." *Shoen v.*

PAGE 2 – OPINION AND ORDER

*Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotation marks omitted) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

When a party objects to a discovery request, "a 'privilege log' or description of the claims of privilege or work product required by Fed. R. Civ. P. 26(b)(5) must be provided within a reasonable time after service of timely objections to a discovery request." LR 26-5(b).

## DISCUSSION

### A. Documents Withheld under Claims of Privilege

Plaintiff challenges Defendants' objections under the Bank Secrecy Act privilege, 31 U.S.C.§ 5311 *et seq.*, state public records laws, O.R.S. 192.345 and O.R.S. 192.355, and the attorney-client privilege. ECF 66 at 5–9. But Plaintiff does not seek an order compelling production of any specific documents. Rather, Plaintiff requests an order compelling Defendant to produce a privilege log to show how each privilege applies to specific documents. *See id.* at 7 ("To the extent Defendants maintain [the Bank Secrecy Act] privilege applies, they should be required to produce a log sufficient to verify so."); *id*. at 8 ("Plaintiff therefore asks the Court to compel Defendants to provide a sufficient index or log of those discovery materials that are purportedly protected from disclosure by [O.R.S. 192.345 and O.R.S. 192.355]."); *id*. ("To ensure that Defendants are appropriately invoking the [attorney-client] privilege, Plaintiff requested that Defendants produce their privilege log. Defendants have refused. Plaintiff therefore asks the Court to compel Defendants to produce the required privilege log.").

Defendants argue that because Plaintiff's Motion to Compel was filed after October 19, 2020, the deadline for discovery motions related to their January 16, 2020 response, the motion is untimely. *Id*. at 3; *see* ECF 31. Defendant maintains that Plaintiff's current motion should focus on the current, limited discovery for summary judgment purposes. ECF 68 at 3. Plaintiff's position is that current counsel did not appear until March 4, 2021, and that current counsel spent

PAGE 3 – OPINION AND ORDER

the intervening months trying to resolve the dispute through mediation and sifting through the voluminous, unorganized documents Defendants turned over earlier in the discovery process. ECF 66 at 9–10. Plaintiff argues, then, "[a]ny delay in raising issues with Defendants' document production should be excused." *Id*. at 10.

The parties agreed that the current phase of discovery would be limited to the purposes of dispositive motions. *See* ECF 47 at 2 ("The parties anticipate that they will need 9 days to proceed with additional written discovery and a limited number of depositions."); ECF 50 (jointly suggesting October 15, 2021 as the deadline for "[l]imited discovery for summary judgment motions"). Plaintiff's Motion to Compel is explicitly aimed at Defendant's objections from December 2, 2019 and January 16, 2020. ECF 67-2 at 7; 67-3 at 5. Plaintiff has not made any argument that the current motion is tied to the limited discovery for purposes of summary judgment.

Whether or not current counsel was put in a disadvantageous position at the onset of his representation is beside the point. Before current counsel appeared in this case—indeed, before former counsel moved to withdraw on December 31, 2020—fact discovery motions were due by October 19, 2020. Former counsel could and should have moved to compel privilege logs on or before that date. At minimum, Plaintiff's current counsel could have brought the issue to Defendants' or this Court's attention shortly after appearing, rather than letting eight months pass. Given that the response at issue predates the applicable deadline by ten months and that former counsel failed to file any motions to compel, this Court discerns no reason why *current*

PAGE 4 – OPINION AND ORDER

counsel's mediation efforts or the volume of the discovery warrant excusal.[1] Plaintiff's motion is therefore DENIED as untimely.

## B.  Documents Totaling 64,000 Pages Produced without Organization

Plaintiff also seeks an order compelling Defendant to reproduce documents organized and labeled according to Fed. R. Civ. P. 34(e)(i). ECF 66 at 8–9. As with the above request, Plaintiff should have raised this issue during the initial discovery period through former counsel. Plaintiff's former counsel did not need to read, or even skim, all 64,000 pages to realize that they were not organized and labeled. And, again, Plaintiff's current counsel could have conferred with Defendants' or brought the issue to this Court's attention shortly after appearing. In any event, Defendants have offered to prepare a document log and represented that it would be prepared in short order. ECF 68 at 5. Accordingly, as to this request, Plaintiff's Motion to Compel is DENIED as moot.

## CONCLUSION

Plaintiff's Motion to Compel, ECF 66, is DENIED. Plaintiff's motion to compel privilege logs is DENIED as untimely. Plaintiff's motion to compel Defendant to organize and label their

---

[1] Plaintiff also argues that Defendants' attempts to cast her motion as untimely should fail because Defendants "expressly admitted they have not provided Plaintiff with approximately 30 emails clearly responsive to Plaintiff's Requests for Production. ECF 66 at 10. Defendants' counsel was "not sure whether the emails [were] included in the 2020 production," and so turned them over in an updated interrogatory response. ECF 68 at 5 n.19. Defendants' counsel, in line with her ongoing discovery obligations, supplemented a discovery response upon learning that "in some material respect the disclosure or response" may have been "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). *See Visa Int'l Serv. Assoc. v. JSL Corp.*, 2006 U.S. Dist. LEXIS 77451, at *5 (D. Nev. Oct. 26, 2006) ("[T]o the extent that a party later discovers additional responsive documents that have not been produced, it has a continuing obligation under Fed. R. Civ. P. 26(e), to supplement its prior production."). The fact that Defendant seeks to provide what may be newly discovered responsive documents does not excuse Plaintiff's untimeliness in filing motions to compel.

discovery responses is DENIED as both untimely and, because Defendant has agreed to produce a document log, moot.

**IT IS SO ORDERED**.

DATED this 13th day of December, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – OPINION AND ORDER